UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

---

In re:                                                                        Case Number: 14-10716-7

    CONCETTA J. SZADZIEWICZ,

        Debtor.

---

    BRENDA L. ZEDDUN,

        Plaintiff,
    v.                                                                  Adversary Number: 16-15

    FRANK F. FIORE,

        Defendant.

---

## **DECISION**

    This matter is before the Court on the motion of Francis F. Fiore, Jr. ("Fiore") for sanctions against Brenda L. Zeddun ("Trustee" or "Zeddun") and her law firm, Law Advisors, S.C., in her capacity both as Chapter 7 trustee and as attorney for the trustee, for bringing this adversary proceeding. For the reasons stated below, Fiore's motion for sanctions is denied.

## **FACTS**

    Fiore moves for sanctions against the Trustee under Fed. R. Bankr. P. 9011 arguing the Trustee's Complaint lacked an evidentiary foundation. Fiore is the son of Concetta Szadziewicz ("Debtor"). Fiore's father created a revocable living trust. Fiore was a beneficiary of that trust and received trust proceeds when his father died. He deposited those proceeds in a joint account with the Debtor.

In 2003, the Debtor used proceeds from the joint account to purchase real estate in Janesville, Wisconsin. The Debtor took title to the real estate. She then quitclaimed title to the Connie J. Szadziewicz Trust dated June 18, 2001 ("Revocable Trust"). The Debtor acted as both the trustee and settlor of the Revocable Trust. Fiore was a beneficiary.

By deed dated February 7, 2012, and recorded February 10, 2012, the Debtor conveyed the real estate from the Revocable Trust to Fiore. Fiore had lived in the property for some period and apparently paid the 2012 real estate taxes and such taxes thereafter. He also insured the property and paid utilities and any repair costs. Other than these payments, Fiore did not pay consideration for the conveyance of the real estate.

The Debtor filed a Chapter 7 on February 26, 2014 ("Petition Date"). The Debtor's Schedules did not list any interest in the Revocable Trust. The Statement of Financial Affairs ("SFA") did disclose that the Debtor transferred the real estate to the Revocable Trust in 2003 and that it was deeded to her son in 2012.

On February 22, 2016, the Trustee commenced an adversary proceeding seeking recovery from Fiore for the transfer of the real estate. The Trustee asserted the conveyance constituted a fraudulent conveyance pursuant to Wis. Stat. §§ 242.04(1)(b)2, 242.04(1)(a), and 242.05(1) and pursuant to 11 U.S.C. § 544(b). Fiore represented himself in the adversary proceeding. The real estate was not titled in the Debtor's name at the time of the conveyance. Fiore argues this confirms she did not own it and it was not an asset in the Debtor's

bankruptcy. Fiore acknowledged the Debtor was the settlor of a revocable trust and had the legal capacity to create, amend, revoke, or add property to the trust. It is also undisputed that the transfer occurred within four years of the Petition Date.

On February 22, 2016, a notice was sent to the creditors in the Debtor's case telling creditors there was a claim deadline of May 25, 2016. Ten claims[1] totaling $60,338.38 were filed. On August 23, 2016, the Trustee moved to dismiss the adversary proceeding with prejudice. The Trustee concluded that the economic costs of litigation would exceed the benefit to the estate based on the claims filed. The motion to dismiss was granted.

## DISCUSSION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. In accordance with 28 U.S.C. § 157(a), the District Court for the Western District of Wisconsin has referred all of its bankruptcy cases to the Bankruptcy Court for the Western District of Wisconsin. W.D. Wis. Admin. Order 161 (July 12, 1984). A motion for sanctions under Bankruptcy Rule 9011 is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). *In re Semrau D.D.S., Ltd.*, 356 B.R. 677, 688-89 (Bankr. N.D. Ill. 2006).

Fed. R. Bankr. P. 9011, adopting Fed. R. Civ. P. 11, establishes standards of conduct for attorneys and parties when filing pleadings or other documents in court. The Rule subjects attorneys to sanctions when he/she

---

1 The claims register lists ten proofs of claim. It appears that two of the claims filed by CACH, LLC, may have been duplicate claims.

3

submits a petition, pleading, written motion, or other paper to the court that falls into one of four categories:

> (1) the document was submitted for an improper purpose (i.e., to harass one's adversary or to delay or drive up the costs of litigation);
>
> (2) the claims contained in the document are frivolous because they lack support under existing law;
>
> (3) the allegations contained in the document lack evidentiary support or are unlikely to have evidentiary support upon further investigation; or
>
> (4) the denials in the document are unwarranted based on the evidence.

Fed. R. Bankr. P. 9011(b)(1)-(4); *see also First Weber Grp., Inc. v. Horsfall (In re Horsfall)*, Case No. 10-12596, Adv. No. 10-00179, 2011 Bankr. LEXIS 4570, at *5 (Bankr. W.D. Wis. Nov. 17, 2011). "Rule 11 sanctions are only to be granted sparingly, and should not be imposed lightly." *Lefkovitz v. Wagner*, 219 F.R.D. 592, 592-593 (N.D. Ill. 2004) (citation omitted).

**Safe Harbor**

A motion for sanctions under Rule 9011 must adhere to a 21-day safe harbor provision. Fed. R. Bankr. P. 9011(c)(1)(A). Rule 9011(c)(1)(A) reads as follows:

> A motion for sanctions under this rule shall not be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b) . . . .

Fed. R. Bankr. 9011(c)(1)(A).

4

Simply stated, the "safe harbor" creates a 21-day grace period "between the time of service and the time for filing . . . ." 10 *Collier on Bankruptcy* ¶ 9011.05[1][b] (16th ed.). This safe harbor provision permits the non-moving party an opportunity to correct or withdraw the offending document. *Baermann v. Ryan (In re Ryan)*, 411 B.R. 609, 616 (Bankr. N.D. Ill. 2009). "A court that imposes sanctions by motion without adhering to the twenty-one day 'safe harbor' provision abuses its discretion." *Id.*

Courts throughout the Seventh Circuit have reasoned that while a "party may file a Rule 11 motion after a court enters judgment, the party must have served the alleged violator at least 21 days before the entry of judgment." *Ardisam, Inc. v. Ameristep, Inc.*, 343 F. Supp. 2d 726, 731 (W.D. Wis. 2004) (*citing Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1026 (7th Cir. 1999)); *see also Hamil v. Mobex Managed Servs. Co.*, 208 F.R.D. 247 (N.D. Ind. 2002). In *Hamil*, the court interpreted the Seventh Circuit's reasoning in *Divane v. Krull Electric Co., Inc.*, and concluded:

> A motion for sanctions may be filed with the court after judgment as long as the moving party has first served the motion for sanctions on the offending party twenty-one (21) or more days prior to final judgment. In this case, MMSC first served its motion for sanctions on April 11, 2002, nearly two months after the Court had dismissed the case. They did not serve the motion on [p]laintiffs before the Court had rendered its final judgment, and [p]laintiffs were unable to take any action to withdraw or correct the problematic affidavits.

*Hamil*, 208 F.R.D. at 250.

In *Divane v. Krull Electric Co., Inc.*, the Seventh Circuit reasoned the 21-day safe harbor is not "an empty formality." *Divane v. Krull Electric Co., Inc.*,

5

200 F.3d at 1026. Indeed, the Seventh Circuit has held that a simple letter informing opposing counsel of the possible imposition of Rule 11 sanctions adequately satisfied the safe harbor requirement. *See Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 552-53 (7th Cir. 2011). In addition, "[p]ost-judgment service does not satisfy the safe harbor provision for a good reason: the party facing sanctions is no longer able to withdraw or correct its allegedly flawed submission." *Ardisam, Inc. v. Ameristep, Inc.*, 343 F. Supp. 2d at 731.

In his motion for sanctions, Fiore argues the Trustee violated Rule 9011 on February 22, 2016, when she filed an Adversary Complaint against him, and once more when she filed an Amended Complaint on May 2, 2016. ECF No. 23, p. 7. Fiore asserts the Trustee violated Rule 9011 because she lacked an evidentiary basis to bring a fraudulent transfer action under the Bankruptcy Code and applicable Wisconsin law.

However, Fiore's motion for sanctions does not contain an affidavit or some other form of proof of service indicating that he served the Trustee his motion for sanctions 21 days before filing that motion with the Court. ECF No. 23. Nor does Fiore's detailed itemized bill of costs attached to the motion contain an entry suggesting compliance with the safe harbor provision. *Id.* at 16-21. While on August 22, 2016, Fiore may have told the Trustee's law partner in a phone conversation it was Fiore's opinion the adversary proceeding "should never have been brought against him . . . and he expected to move the court to assess attorney fees against the [Trustee]," that was a mere 16 days

6

before filing his motion. ECF No. 29, pp. 16-17. *Id.* at 17. Such conversation does not satisfy the requirements of Rule 9011(c)(1)(A).

The Trustee's motion to dismiss resulted in the effective withdrawal of the pleading Fiore contends was a flawed submission. Because the Court entered an Order dismissing the Trustee's adversary proceeding with prejudice on August 24, 2016, no further "corrective action" regarding the Amended Complaint could or need be taken by the Trustee. By not serving the Trustee at least 21 days prior to this Court entering an Order dismissing the case, the Trustee was not afforded a full 21 days to correct or withdraw the offending Amended Complaint. Nonetheless, the pleading was effectively withdrawn by dismissal with prejudice.

Based on the record before the Court, Fiore has not complied with Rule 9011(c)(1)(A)'s 21-day safe harbor. The Trustee moved to dismiss the adversary proceeding with prejudice on August 23, 2016. The next day, this Court entered an Order to that effect. Accordingly, Fiore's motion for sanctions fails to comply with Rule 9011's safe harbor and this, alone, constitutes grounds to deny his motion.

### Timeliness

In addition to running afoul of Rule 9011's safe harbor provision, Fiore has also failed to file his motion for sanctions in a timely manner. While Rule 9011 does not set an explicit time for bringing a sanctions motion, in the Seventh Circuit a party should file a motion for sanctions "as soon as practicable after discovery of a Rule 11 violation." *Kaplan v. Zenner*, 956 F.2d

7

149, 151 (7th Cir. 1992); see also *Hamil*, 208 F.R.D. at 250-51. "Reasonableness is necessarily dictated by the specific facts and circumstances in a given case." *Kaplan*, 956 F.2d at 152.

As described, Fiore states "Attorney Brenda L. Zeddun and her law firm, Law Advisors, S.C., violated Rule 9011 on February 22, 2016 when they filed [sic] an Adversary Proceedings Complaint against Defendant Francis F. Fiore, Jr. Likewise, Plaintiffs filed an Amended Complaint on May 2, 2016." ECF No. 23, p. 7. Fiore contends these Complaints lacked a reasonable investigation under 11 U.S.C. § 544(b) and Wis. Stat. §§ 242.04(1)(b) and 242.05(1). *Id.* at 7-8. However, as discussed, Fiore did not state his intent to request fees or move for sanctions until August 22, 2016, in a phone call with the Trustee's law partner. He did not move for sanctions until September 7, 2016, over six months after the first Complaint and over four months after the Amended Complaint. ECF No. 23. Because he waited at least a full four months to move for sanctions and did not serve the Trustee with his motion before filing it with the Court, Fiore has violated the procedure outlined in Rule 9011. Based on this delay, his motion for sanctions under Rule 9011 must be denied. *See Hamil*, 208 F.R.D. at 251 (concluding a motion for sanctions under Rule 9011 was untimely when the movant waited approximately two and one-half months to file after discovering the alleged violation).

**Purpose of Rule 9011**

Even though Fiore has failed to clear Rule 9011's procedural hurdles, as a matter of completeness, this Court will address the merits.

8

The purpose of Rule 11 has been described as deterring baseless filings and streamlining the administration and procedure of federal courts. *CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA*, 659 F.3d 53, 62 (1st Cir. 2011); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). According to Rule 9011's plain language, whether or not the Court decides to subject an attorney to sanctions is a matter committed to its discretion. *See In re Sekema*, 523 B.R. 651, 654 (Bankr. N.D. Ind. 2015).

A decision to dismiss an action for the failure to prevail on a particular pleading does not, of itself, establish a violation of Rule 11. *Altran Corp. v. Ford Motor Co.*, 502 U.S. 939, 112 S. Ct. 373, 116 L. Ed. 2d 324 (1991). A violation of Rule 11 in a matter such as this adversary proceeding requires a determination that (1) the complaint was legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before filing the complaint. *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1381 (Fed. Cir. 2009). The Court finds both elements lacking.

The Debtor's SFA disclosed the existence of the trust as a self-settled trust or similar device of which the Debtor is the settlor and trustee. As the settlor of the Revocable Trust, the Debtor controlled the trust and had the right to amend or revoke the trust. The SFA also confirmed that real estate was transferred from the Revocable Trust to Fiore in 2012. The Trustee obtained copies of the deeds confirming that real estate was titled in the Debtor's name. The Debtor transferred the property into the Revocable Trust and then

conveyed from that trust to Fiore within four years of the filing of the Debtor's bankruptcy. She also confirmed that although Fiore paid utilities and the 2012 real estate taxes, he did not pay any other consideration for the transfer. The assessed value of the property was $137,400.

Wisconsin Statute § 242.04, titled "Transfers fraudulent as to present and future creditors," reads:

> (1) A transfer made or obligations incurred by a debtor is fraudulent as to a creditor, whether the creditors claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay or defraud any creditor of the debtor; or
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> . . .
>
> 2. Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Wis. Stat. § 242.04(1).

Wisconsin also allows creditors to avoid fraudulent transfers of the type described in Wis. Stat. § 242.05(1). The Trustee's Amended Complaint against Fiore alleged facts which demonstrated a prima facie case that the conveyance from the Debtor's Revocable Trust to Fiore was fraudulent under Wis. Stat. § 242.05(1) due to a lack of consideration. The Trustee employed 11 U.S.C. § 544(b) to utilize these creditors' state law remedies. Generally, trustees use section 544(b) to avoid a conveyance that took place more than two years prior

to the bankruptcy petition. Susan V. Kelly, *Ginsberg & Martin on Bankruptcy*, § 9.02[E] (5th ed. Supp. 2016).

Read together, 11 U.S.C. § 544(b) and Wis. Stat. §§ 242.04(1)(b) and 242.05(1) permit a trustee to avoid a pre-petition transfer if: (1) the debtor had an unsecured creditor at the time of the transfer who was still an unsecured creditor at the time of the bankruptcy filing; (2) the debtor did not receive a reasonably equivalent value in exchange for the transfer; (3) the debtor transferred an interest that the debtor had in property; and (4) the debtor was insolvent at the time of (or was rendered insolvent by) the transfer. *See Kepler v. Koch (In re Kirchner)*, 372 B.R. 459, 462 (Bankr. W.D. Wis. 2007). Fraudulent transfers avoided by the trustee under section 544 are preserved for the benefit of the bankruptcy estate. 11 U.S.C. § 551.

Fiore effectively conceded the first element. With respect to the second element, the term "reasonably equivalent value" is not defined in Wis. Stat. § 242.01. *See Exec. Ctr. III, LLC v. Meirean*, 823 F. Supp. 2d 883, 888 (E.D. Wis. 2011). In other fraudulent transfer contexts, bankruptcy courts have looked to the following factors to determine whether a debtor received reasonably equivalent value in the exchange: "(1) whether the value of what was transferred is equal to the value of what was received; (2) the fair market value of what was transferred and received; (3) whether the transaction took place at arm's length; and (4) the good faith of the transferee." *In re Williams*, 473 B.R. 307, 313 (Bankr. E.D. Wis. 2012).

11

In applying the factors, Fiore concedes there was no payment to the trust of the value of the real estate. Instead, his Answer contended that his payment of a few years of real estate taxes, utilities, maintenance, and some repairs was consideration for a home with a tax assessed value of $137,400. Further, he argued that because the source of the money used to purchase the real estate were funds deposited by him into a joint account with the Debtor, it should be considered to have been his property regardless of title.

With respect to the third element, Fiore agrees the property was initially titled in the Debtor's name and then in the name of the Revocable Trust over which the Debtor had control. However, because the Debtor then transferred the property from the trust to him, he asserts the Debtor had no interest in the property and that, since he was named as a beneficiary of the trust, apparently that should also be a shield. The Debtor's Schedules demonstrate sufficient information to conclude the fourth element was met.

Reviewing the Trustee's Complaint and Amended Complaint together with the Debtor's Schedules and Fiore's Answers, this Court finds the Complaints were neither legally nor factually baseless. The Trustee made a reasonable inquiry before filing the Complaint. Fiore simply answered repeating conclusory arguments that the Trustee presented no material facts which would satisfy Wis. Stat. §§ 242.04(1)(b)(2) and 242.05(1)'s elements. Based on these facts, this Court cannot conclude there was any baseless filing. Under the circumstances, there was legal and factual bases for the commencement of

an adversary proceeding based on reasonable inquiry before filing. Therefore, Rule 9011 sanctions are not warranted.

## CONCLUSION

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated:  April 17, 2017

> BY THE COURT:
>
> _____
> Hon. Catherine J. Furay
> U.S. Bankruptcy Judge